UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-61101-LEIBOWITZ/AUGUSTIN-BIRCH

COMELETA CARTHY,

    Plaintiff,

v.

CITADEL CARE GROUP, L.L.C., a Florida
limited liability company, SINAI REHAB
OPERATIONS, L.L.C., a Florida limited liability
company, CAROLINA SANCHEZ, an individual,
HEBREW HOME SINAI, INC., a Florida corporation,
RACHEL SHUSTER, an individual,

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, Comeleta Carthy ("Carthy"), through counsel, files this Statement of Claim, and states:

### PRELIMINARY STATEMENT

The calculations contained herein are made preliminarily and are subject to change once Comeleta obtains her partial time and pay records from the Defendants and as discovery in the case proceeds.

### STATEMENT OF CLAIM

Carthy has a claim that goes back to approximately 2003. Carthy has been a staffing coordinator from 2003 to September 2021 and at some point, Defendants also added reception to her duties.  From 2003 to March 2020, Carthy worked on average 20 hours of overtime per week on average.  From March 2020 to February 2021, Carthy worked 12.5 hours of overtime each week on average, and from March 2021 to September 2021, Carthy worked 20 hours of overtime each week on average.   The 20 hours of overtime consists of Carthy working 10 hours per week on-

call time that was not compensated, 2.5 hours per week of working through lunch, and 7.5 hours of working off of the clock after she had to clock out for the night (at the orders of Defendants). From March 2020 to February 2021, the 7.5 hours was not worked off of the clock, but rather was paid. Carthy's compensation (hourly rate) changed Carthy had no ability to hire or fire anyone (nor did he hire or fire anyone) and he did not regularly and customarily direct work of any employee, much less two or more full-time workers.

Carthy was a non-exempt employee entitled to overtime. Carthy's job was a full-time position where she worked greater than forty (40) hours a week. Carthy worked the forty (40) hours required of her for the job but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

So, for the weeks Carthy worked in excess of forty (40) hours per workweek, typically 60 hours per week on average, she was paid differing hourly rates, but her end rate was $18.05/hr. She is owed $27.08 for each overtime hour ($27.08 x. 20 hrs = $541.60/wk). This rate will be lowered once she sees what her actual hourly rate was before her raise to $18.05/hr. She thinks she was raised to $18.05 from $18 in 2018, and from approximately $17.50/hr to $18.00/hr in 2017. This same calculation applies to the time period March 2021 to September 2021 when she was terminated. So, for the 52 weeks in 2020-early 2021 that she worked 12.5 overtime hours at an overtime rate of $27.08/hr is expressed as 12.5 hrs x $27.08 = $347.50. Carthy also seeks liquidated damages.

The Defendants should have partial accurate records of hours worked. Carthy cannot provide a more accurate calculation without first obtaining the time and pay records that the Defendants possess. Carthy does not have any documents at this time that supports this calculation.

Dated: July 11, 2024                                            Respectfully submitted,

                                                                By: /s/ *Chris Kleppin*
                                                                    Chris Kleppin
                                                                    Fla. Bar No. 625485

                                                                                    chris@kleppinlaw.com  
                                                                                    The Kleppin Firm, P.A.  
                                                                                     *Attorneys for Plaintiff*  
                                                                                     8751 W. Broward Blvd  
                                                                                     Suite 105  
                                                                                     Plantation, FL 33324  
                                                                                     Tel. (954) 424-1933  
Secondary E-Mails:    assistant@kleppinlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2022 a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Chris Kleppin*
Chris Kleppin